UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,

        -against-                                       S3 02 Crim. 1141 (LAK)

JEFFREY OTIS REDDEN,

                  Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER

Lewis A. Kaplan, *District Judge.*

        Jeffrey Otis Redden was convicted in 2004 on three counts: (1) conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 18 U.S.C. § 846; (2) possessing a firearm in relation to a drug trafficking crime and a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 924(i)(1); and (3) possessing ammunition shipped in interstate commerce in violation of 18 U.S.C. § 922(g)(1).  Specifically, in the course of a narcotics conspiracy involving 1.5 kilograms of crack cocaine, Redden shot and killed a rival narcotics distributor and shot and seriously wounded another rival distributor.  He was sentenced in 2005, principally to a term of life imprisonment on the first count plus a consecutive sentence of ten years imprisonment based on counts two and three.

        At the time Redden was convicted, 21 U.S.C. § 841(b)(1)(A) required a mandatory minimum sentence of 10 years imprisonment and allowed a maximum term of life imprisonment, for anyone convicted of, among other things, distributing or possessing with intent to distribute 50 grams or more of a mixture or substance containing crack cocaine.  Similarly, if the amount of crack cocaine involved in such a crime were 5 grams or more, 21 U.S.C. § 841(b)(1)(B) required a mandatory minimum sentence of 5 years and a maximum of 40 years.

        The Fair Sentencing Act of 2010 changed the quantities of crack cocaine pertaining to these sentencing provisions to 280 and 28 grams, respectively.  While these changes initially were not retroactive, Congress made them so by enacting the First Step Act of 2018.  It provides: "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if section[] 2 . . . of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."[1]  A "covered offense" is "a violation of a federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed

---

[1] Pub. L. 15-391, § 404, 132 Stat. 5194, 522 (codified at 21 U.S.C. § 841, note).

before August 3, 2010."[2]  Asserting that he was sentenced for a covered offense, Redden now moves for resentencing under the First Step Act.

At the outset, the Court must determine whether Redden is entitled to resentencing. The government argues that a defendant like Redden, who was sentenced for crimes involving a quantity of narcotics in excess of the new thresholds specified by the Fair Sentencing Act, is not eligible for resentencing.  The rationale for this argument is that even if the Fair Sentencing Act had been in place at the time the defendant was sentenced, the sentencing exposure would have been the same.  Here, for example, Redden's crimes involved 1.5 kilograms of crack, which exceeds the Fair Sentencing Act's 280 and 28 gram thresholds.

Several weeks after the parties submitted their briefs, the Second Circuit rejected the government's reading of the First Step Act.  In *United States v. Holloway*,[3] it held that "Section 404 bases eligibility – that is, when a court may entertain a motion for relief under the Act – on whether a sentence was imposed 'for a covered offense.'"[4]  Although the *Holloway* defendant would have been subject to a different sentencing standard under the revised statute, the Court's holding was based on the question of whether the statutory penalties for the covered offense were modified. "Where a defendant is not otherwise ineligible for First Step Act relief according to the limitations set forth in Section 404(c) of that Act, the defendant's eligibility depends only on whether the statutory penalties for the violation for which the defendant was sentenced were modified by Sections 2 and 3 of the Fair Sentencing Act."[5]

Although Redden is eligible for a reduced sentence, the question of whether he should receive one lies within the discretion of the Court.[6]  It conducts this analysis taking into account the sentencing factors outlined in 18 U.S.C. § 3553(a), having considered carefully the record and the submissions of the parties, including Redden's conduct since the time his sentence was imposed and the Probation Office's Supplemental Presentence Report dated February 13, 2020.[7]

---

[2]

*Id.*

[3]

No. 19-1035, 2020 WL 1966840 (2d Cir. Apr. 24, 2020).

[4]

*Id.* at *3.

[5]

*Id.* at *5.

[6]

*See id.* (citing Pub. L. No. 115-391, § 404(c), 132 Stat. at 1522 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").

[7]

There is some debate over whether a defendant's conduct while incarcerated is relevant on a motion for a reduced sentence under the First Step Act. *See United States v. Rose*, 379 F. Supp. 3d 223, 231 (S.D.N.Y. 2019) (noting this debate).  Because both parties rely on this evidence and neither objects to its relevance, the Court considers it.  That said, as explained

The Court acknowledges, and weighs appropriately, Redden's apparently good behavior over the past seven years. Although the government asserts that Redden has violated prison rules on several occasions, those incidents took place in 2012 and 2013 and thus are dated.[8] Since then, Redden has taken up cooking and received numerous certificates acknowledging his completion of skills classes. Further, according to a letter he submitted to the Court, Redden has become a voracious reader and a great Scrabble player. The Court commends Redden for his apparent efforts toward self-improvement and hopes that he will continue dedicating his time to these technical and intellectual pursuits.

However, these positive steps do not negate the gravity of Redden's crimes. Redden was convicted of a brutal homicide that involved him chasing a rival drug dealer and shooting him repeatedly. He shot another rival dealer in the neck. Federal drug policies have changed since 2005, and the Court considers these changes to the extent required by the First Step Act. But even if Redden had been convicted after 2010, his crimes would have exceeded the drug quantity thresholds and the sentencing guidelines would have been the same. More importantly, Redden's violent conduct, rather than the statutory thresholds for the quantity of narcotics involved, was the driving force behind his sentence. In light of the sentencing factors referenced above, and in particular the seriousness of Redden's offense and the need for deterrence, a reduced sentence is unwarranted.[9]

The motion for a reduced sentence [Dkt. 118] is denied. The Clerk of the Court is directed to mail a copy of this order to Mr. Redden.

SO ORDERED.

Dated:        July 21, 2020

_____
                                   Lewis A. Kaplan
                          United States District Judge

---

later in this order, the Court's decision rests ultimately on the seriousness of the crimes for which Redden was convicted and the need for deterrence.

[8] The government notes that Redden has been involved in several fights but does not date them. As best the Court can tell from the BOP records Redden submitted, the last fight took place in 2006.

[9] A First Step Action motion is based on 18 U.S.C. § 3582(c)(1)(B). *Holloway*, No. 19-1035, 2020 WL 1966840, at *4. Under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present for a proceeding that involves the correction or reduction of a sentence under 18 U.S.C. § 3582(c). For this reason, and because Redden has not requested a hearing, the Court resolves this motion on submission.