UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA,

        -against-                                   02-cr-1141 (LAK)

JEFFREY OTIS REDDEN,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

        Jeffrey Otis Redden was convicted in 2004 on three counts: (1) conspiring to distribute and possess with intent to distribute 50 grams or more of crack cocaine in violation of 18 U.S.C. § 846; (2) possessing a firearm in relation to a drug trafficking crime and a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 924(i)(1); and (3) possessing ammunition shipped in interstate commerce in violation of 18 U.S.C. § 922(g)(1). Specifically, in the course of a narcotics conspiracy involving 1.5 kilograms of crack cocaine, Redden shot and killed a rival narcotics distributor and shot and seriously wounded another rival distributor. He was sentenced in 2005, principally to a term of life imprisonment on the first count plus a consecutive sentence of ten years imprisonment based on counts two and three.

        On December 16, 2019, Redden moved for resentencing under the First Step Act of

2

2018.¹  On July 21, 2020, the Court denied the motion (the "July 21 Order").²  The Court ruled that Redden was eligible for a reduced sentence and "commend[ed] Redden for his apparent efforts toward self-improvement."³  Nevertheless, the Court held:

> "[T]hese positive steps do not negate the gravity of Redden's crimes.  Redden was convicted of a brutal homicide that involved him chasing a rival drug dealer and shooting him repeatedly.  He shot another rival dealer in the neck.  Federal drug policies have changed since 2005, and the Court considers these changes to the extent required by the First Step Act.  But even if Redden had been convicted after 2010[, when the First Step Act was enacted], . . . the sentencing guidelines would have been the same.  More importantly, Redden's violent conduct, rather than the statutory thresholds for the quantity of narcotics involved, was the driving force behind his sentence.  In light of the sentencing factors [outlined in 18 U.S.C. § 3553(a)], and in particular the seriousness of Redden's offense and the need for deterrence, a reduced sentence is unwarranted."⁴

Redden now moves again for resentencing,⁵ this time under 18 U.S.C. § 3582(c)(1)(A).⁶  Under this provision, a court may reduce a sentence if it finds that "extraordinary and compelling reasons" so warrant and the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of a reduction.⁷

---

1   Dkt 118.

2   Dkt 132.

3   *Id.* at 2–3.

4   *Id.* at 3.

5   Dkt 171.

6   Redden's motion for resentencing under the First Step Act motion was based on 18 U.S.C. § 3582(c)(1)(B).  *See* Dkt 132 at 3 n.9.

7   *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam).

3

Redden relies on Amendment 814 of the Sentencing Guidelines, which went into effect on November 1, 2023. Amendment 814 states in relevant part:

> "If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances."[8]

Redden has not identified any change in the law justifying application of this provision.

Even so, the Court need not determine whether extraordinary and compelling reasons are present here.[9] The Court may not grant a sentence reduction unless it finds that the sentencing factors outlined in 18 U.S.C. § 3553(a) weigh in favor of a reduction.[10] For the reasons set forth in the July 21 Order, those factors weigh against a sentence reduction. The Court commends Redden's continued self-improvement efforts, including extensive course-work and co-facilitation of drug treatment groups for inmates in recovery.[11] Nevertheless, a sentence reduction is not warranted given the seriousness of his offense and the need for deterrence.

---

[8] U.S.S.G. § 1B1.13(b)(6).

[9] *Keitt*, 21 F.4th at 69 (district court may deny a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) sentencing factors).

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] *See* Dkt 173 at 9–13, 20–21.

4

The motion for a reduced sentence [Dkt. 171] is denied.  The Clerk of the Court is directed to mail a copy of this order to Mr. Redden.

SO ORDERED.

Dated:	August 28, 2025

_____
Lewis A. Kaplan
United States District Judge